GEO. S. P. BOND and wife *v.* W. E. BOND, Ex'r. of A. W. ME-
BANE.

Where an instrument is produced and read as evidence by one party,
the whole is to be read, if the adversary require it.

This was a CIVIL ACTION brought to recover the value of a
lot of brandy, tried at the Spring Term, 1874, of BERTIE Su-
perior Court, before his Honor, Judge *Albertson.*

On the trial before, it appeared that the wife of the male
plaintiff, then Mrs. Shields, delivered in February, 1863, to a
negro wagon driver, belonging at the time to the testator of
the defendant, eighty-five gallons of apple brandy, for which
she charged $5 per gallon.

The plaintiffs then offered in evidence, under the instruc-
tions hereinafter noticed, the following account and note,
proved to be in the hand writing of the testator of the defen-
dant, viz :

" MRS. SHIELDS,

To A. W. MEBANE.

1866.

| Feb. 3. | To 12 yards Mohair plaids, @ 40c | 4 80 |
| | " 8 yards Calico, @ 30c | 2 40 |
| | " 10 yards Cotton, @ 40c | 4 00 |
| | | $11 20 |

I think you charge too much for your brandy. I think $3
is a large price for it.

Yours respectfully,

A. W. MEBANE."

Of this the plaintiff offered to read the date; omit, and not
offer in evidence the account and its items, and to read the
note concerning the price of the brandy. To this, the defen-
dant objected, and insisted that the whole paper, if any, must

be offered in evidence. His Honor overruled defendant's objection, and permitted the plaintiff to read that portion of the paper before alluded to, and to omit the balance ; at the same time informing the defendant, that he was at liberty to read the omitted part of the paper to the jury, but by doing so, he would make it his evidence. Defendant excepted.

The defendant offered other objections to the plaintiff's recovery, which, not being considered in this Court, are needless to mention.

The jury returned a verdict for the plaintiff. Judgment and appeal by defendant.

*D. C. & P. H. Winston,* for appellant.
*W. W. Peebles,* contra.

BYNUM, J. The defendant objected to the reading in evidence against him, a part of the paper writing, without reading the whole. His Honor overruled the objection and allowed the plaintiff to read the part he desired, but informed the defendant that he was at liberty to read the other part, but that he could offer it only as his own independent evidence. There is error. It is a universal rule that where any document is produced and read by one party, the whole is to be read, if the adversary require it; for unless the whole be read, there can be no certainty as to the real sense and meaning of the entire document. So it is a general rule, that whenever a party makes a statement or admission, whether oral or written, which is afterwards used against him as evidence of the stated or admitted fact, the whole of the statement or declaration must be received. 1 *Stark,* 372. A party who reads an answer, makes the whole of it evidence, and if upon exceptions taken, a second answer has been put in, the defendant may insist upon having that read to explain what he swore in the first. *B. N. P.,* 237. 1 *Stark,* 291.

There is nothing in this case, to take it out of these general principles. If the part of this writing, offered in evidence by

the plaintiff, tended to show that the defendant got the brandy, the itemized account against the plaintiff, in the same instrument, which the plaintiff refused to read, was evidence of a set off to that amount, or what was of more importance, it was evidence tending to show that the defendant regarded the plaintiff as his debtor. At all events, the whole should have gone to the jury together, as the evidence of the plaintiff. The error of his Honor, consisted in holding that the omitted part could only be introduced as the evidence of the defendant.

PER CURIAM.                                    *Venire do novo.*